141 So. 53

### SHERMAN v. CRESCENT CITY LODGE NO. 37 INTERNATIONAL ASS'N OF MACHINISTS.

No. 31078.

March 30, 1932.

Feitel & Feitel, N. H. Polmer, and H. Wolbrette, all of New Orleans, for appellant.

Harold A. Moise, of New Orleans, for appellee.

ROGERS, J.

Edward W. Sherman, the plaintiff, the former business agent of district 104 of Gulf Coast and River Marine district of section F of the International Association of Machinists, sued Crescent City Lodge No. 37, one of its constituent lodges, for its alleged proportion of an indebtedness due him by district 104 on account of unpaid salary. Plaintiff's suit was dismissed by the court below, and he has appealed from the judgment.

District 104 of the International Association of Machinists was composed of local unions operating at all the Gulf ports, the defendant union being located at New Orleans.

The record shows that plaintiff, who is a member of the local union at Mobile, was employed and paid by district 104, and was wholly under its supervision. The defendant union, which employs and pays its own local business agent, had no control over plaintiff whatever.

The constitution and by-laws of district 104 provide that its revenue shall be derived from a monthly per capita tax levied on the members of the various locals composing the dis-

trict, and that the district shall have the power to levy such special assessments as are necessary for the running expenses, provided such assessments are approved by a majority vote of the local unions.

At the time plaintiff's position was abolished by the president of the International Association, which it appears paid one-half of his salary, the defendant local union was not indebted in any amount to district 104, having paid all its dues and assessments to that body.

■ Since plaintiff's contractual relations were with district 104 and not with the defendant local union, he must look to the former and not to the latter for the payment of any indebtedness arising in his favor under the contract.

■ The legal situation is not changed by the letter of Wm. H. Johnson, the international president, addressed to plaintiff, in which he instructs "the lodges that compose District 104 to take steps at once to pay back salary due you (plaintiff) through assessments or otherwise, at the earliest possible moment." The instruction means, we think, that the lodges composing the district should take the necessary steps to have the district levy an assessment on its constituent members as provided in its constitution and by-laws for the purpose of paying any indebtedness that might be due plaintiff. And the subsequent letter of Acting International Vice President P. J. Conlon merely urges, but does not direct, that the defendant lodge make some effort to pay whatever is due plaintiff, if his claim is legitimate. And the executive council of the International Association, after reviewing the case at its session held in the city of Montreal in September, 1926, addressed plaintiff a letter, informing him that it refused to assume any obligations contracted by district 104, and stating that: "The council felt that there was some obligation on the part of the Business Agent to have maintained District 104, and when failing in that, it could not see its way clear to meet an obligation placed on District 104 by a Business Agent being continued in office when he should have known that the proposition could not be taken care of by the District in its condition."

■ In any event, if the defendant local union has violated any of the laws or regulations of the supreme governing body of the organization, of which it is a component part, that fact may make it amenable to the disciplinary measures prescribed in such cases, but it cannot confer on plaintiff the right to enforce judicially against defendant an indebtedness which, if legitimate, is wholly owing by another and distinct organization.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., absent.